# Authority to Exempt Programs under the Personal Responsibility and Work Opportunity Reconciliation Act of 1996

The Attorney General may not exempt California's prenatal care program under § 401 of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 because eligibility for, and the recipient's share of the cost of benefits provided by, that program are conditioned on the recipient's income.

November 25, 1996

MEMORANDUM OPINION FOR THE ASSISTANT ATTORNEY GENERAL
OFFICE OF POLICY DEVELOPMENT

You have asked whether California's prenatal care program might fall within the Attorney General's authority to exempt programs that "(A) deliver in-kind services at the community level, including through public or private nonprofit agencies; (B) do not condition the provision of assistance, the amount of assistance provided, or the cost of assistance provided on the individual recipient's income or resources; and (C) are necessary for the protection of life or safety." The Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub. L. No. 104–193, § 411(b)(4), 110 Stat. 2105, 2268. It is our opinion that the Attorney General does not have the authority to exempt California's prenatal care program because eligibility for, and the cost of benefits provided by, that program are conditioned on the recipient's income.

The prenatal care benefits at issue are provided under the California Medi-Cal Act, Cal. Welf. & Inst. Code §§ 14000–14029 (West Supp. 1999). Under section 14007.5(d) of the Medi-Cal Act, an alien who is not lawfully admitted for permanent residence, otherwise permanently residing in the United States under color of law, or a lawful temporary resident pursuant to specified provisions of the Immigration and Nationality Act is nonetheless eligible for "medically necessary pregnancy-related services" if she "is otherwise eligible for Medi-Cal services." The implementing regulation, Cal. Code Regs. tit. 22, § 50302(c), similarly provides that alien applicants for "restricted Medi-Cal benefits" (which include pregnancy-related services) who lack documentation of satisfactory immigration status or are nonimmigrant aliens "shall meet all other requirements for program eligibility" (except for possessing or having applied for a social security number).

Under the Medi-Cal Act, "medically needy family persons" meeting the Act's eligibility requirements are entitled to certain health care services. Cal. Welf. & Inst. Code § 14005.7(a). "[A] pregnant woman of any age with a confirmed pregnancy . . . *whose income and resources are insufficient* to provide for the costs of health care or coverage" is a "medically needy family person." *Id.* § 14051(b) (emphasis added). In addition, a medically needy family person is only eligible for health care services during months in which his or her "share of cost" has

387

been met. *Id.* § 14005.7(b). A medically needy family person's "share of cost" is his or her monthly income in excess of the amount required for maintenance established under the Medi-Cal Act, exclusive of any amounts considered exempt as income under California law, less amounts for Medicare and other health insurance premiums. Once a recipient has incurred expenses for deductibles, coinsurance charges and necessary medical and remedial services that exceed his or her share of cost, the individual is entitled to receive Medi-Cal health care services. In other words, the share of cost that a recipient must pay under the Medi-Cal system is based, in part, on the monthly income of the recipient.

Accordingly, prenatal care under restricted Medi-Cal, as well the cost of those services, are conditioned on the recipient's income. As such, it is our opinion that the prenatal care benefits do not satisfy the second requirement for programs that the Attorney General may exempt under § 401, 110 Stat. 2261 of the new welfare law.

RANDOLPH D. MOSS
*Deputy Assistant Attorney General*
*Office of Legal Counsel*